UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

BYRON J. CLAYPOOL, JR.,

                Plaintiff,

v.                                          Case No. 23-cv-343-pp

JUSTIN WOODS,

                Defendant.

---

**ORDER DENYING AS MOOT DEFENDANT'S MOTION FOR EXTENSION OF TIME TO ANSWER COMPLAINT (DKT. NO. 14)**

---

The plaintiff filed this case under 42 U.S.C. §1983, alleging that the defendant violated his constitutional rights when the plaintiff was incarcerated at Racine Correctional Institution.[1] Dkt. No. 1. On September 6, 2023, the court screened the complaint under 28 U.S.C. §1915A and allowed the plaintiff to proceed against the defendant on an Eighth Amendment medical care claim. Dkt. No. 5 at 7. The defendant has filed a motion for an extension of time to answer plaintiff's complaint. Dkt. No. 14. The plaintiff has filed a request for default. Dkt. No. 17. This order addresses these pleadings.

By way of background, in the court's screening order it ordered service of the complaint on the defendant under an informal service agreement between the Wisconsin Department of Justice ("DOJ") and this court. Dkt. No. 5 at 10. On September 27, 2023, the DOJ notified the court that it would not accept

---

[1] The plaintiff was incarcerated at Columbia Correctional Institution when he filed the complaint. Dkt. No. at 1 at 14. In May 2023, he notified the court that he had been released from prison. Dkt. No. 4.

1

service on behalf of the defendant because he is not a state employee. Dkt. No. 6. The clerk's office staff transmitted the complaint to the United States Marshals Service ("USMS") for service on the defendant. Dkt. No. 7. On October 17, 2023, the DOJ filed a document titled Notice of Improper Service, which states that the warden at Racine Correctional Institution had received a mailing from the USMS directed to the defendant, but that the Department of Corrections could not accept documents on behalf of the defendant. Dkt. No. 8. On October 19, 2023, clerk's office staff again transmitted the complaint to the USMS for service on the defendant. Dkt. No. 9. On November 3, 2023, the clerk's office filed a form (USM-285, Process Receipt and Return) stating that the USMS had personally served the defendant on November 1, 2023.[2] Dkt. No. 10.

The defendant's answer was due on November 22, 2023, but he did not file an answer until December 29, 2023, and his answer does not explain why he filed it over a month after it was due. Dkt. No. 12. The answer also did not include a certificate of service attesting that plaintiff had been served with the answer. On January 8, 2024, the court issued an order recounting the procedural history and ordering that if the plaintiff wanted to proceed with this case, then by the end of the day on January 26, 2024, he must file a written request asking the court to enter default against the defendant. Dkt. No. 13 at 3.

---

[2] The docket entry states: "SUMMONS Returned Executed. Justin Woods served on 11/1/2023." Dkt. No. 10.

The day after the court issued its order, the defendant filed a motion for extension of time under Federal Rule of Civil Procedure 6(b)(1)(B), asking the court to accept the answer he had filed on December 29, 2023, as having been timely filed. Dkt. No. 14. The defendant states that his untimely answer was the result of excusable neglect because the court's September 6, 2023 order "expressly ordered Dr. Woods to 'file a responsive pleading to the complaint within 60 (sixty) days.'" Dkt. No. 15 at 4. He contends that the court's directive reasonably could be construed as the court exercising its discretion under Rule 6(b)(1)(A) to extend the time for the defendant to answer the complaint from twenty-one days to sixty days. Id.

On January 23, 2024, the plaintiff filed a letter in which he asked to amend the complaint "to include a claim for cash damages in the amount of $975,000.00." Dkt. No. 16. The next day, he filed a request for entry of default against the defendant in which he states that the defendant has failed to appear, plead or otherwise respond to the complaint. Dkt. No. 17. The plaintiff has not filed a response to the defendant's motion for extension of time.

On February 7, 2024, the defendant filed an answer to the plaintiff's "amended complaint," that is, his letter of January 23, 2024 seeking leave to amend his request for relief. Dkt. No. 18. The defendant filed a response to the plaintiff's request for default in which he contends that the plaintiff has not demonstrated good cause for entry of default. Dkt. No. 20 at 1.

On February 12, 2024, the defendant filed a supplemental brief in support of his motion to extend time to answer the complaint. Dkt. No. 19. He

3

contends that he was not properly served under Federal Rule of Civil Procedure 4 because the USMS personally served him with "the Notice of a Lawsuit and Request to Waive Service of Summons, the Waiver of Summons, and copies of the Plaintiff's complaint and the Court's September 6, 2023 Order Screening Complaint," but did not serve him with a summons, or any document that stated that an answer to complaint was due within twenty-one days of him being served with the complaint. <u>Id.</u> at 2. The defendant contends that this was not proper service and that as a result, he never was given the appropriate notice that he had twenty-one days after being served to file an answer. <u>Id.</u>

The law requires the defendant to file a responsive pleading to the complaint within twenty-one days after being served with the summons and complaint—in this case, by November 22, 2023. Fed. R. Civ. P. 12(a)(1)(A)(i). The defendant has demonstrated that he was not properly served with the summons and complaint. <u>See</u> Fed. R. Civ. P. 4(c) ("A summons must be served with a copy of the complaint."). It appears that the USMS personally served the defendant with a waiver form and the court's screening order directing the defendant to respond to complaint within sixty days. The defendant filed his answer within sixty days of being served with the complaint. He has timely answered the complaint. Because the defendant timely answered the complaint, the court will deny as moot his motion for extension of time. The defendant is not in default.

The court has not construed as an amended complaint the plaintiff's request to amend the complaint to include a claim for more damages. Dkt. No.

4

16. The plaintiff filed his letter more than twenty-one days after the defendant filed his answer to the original complaint, which means he needed to get permission from the court before filing an amended complaint. See Fed. R. Civ. P. 15(a)(1)(B). In any event, the plaintiff's original complaint already asks for compensatory and punitive damages. The plaintiff does not have to request in his complaint the exact amount of damages he seeks.

The court shortly will issue a separate scheduling order setting deadlines for the parties to complete discovery and file dispositive motions.

The court **DENIES AS MOOT** the defendant's motion for extension of time to answer complaint. The defendant's answer to the original complaint was timely filed. Dkt. No. 12. The defendant is not in default.

Dated in Milwaukee, Wisconsin this 1st day of March, 2024.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**