UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

BYRON J. CLAYPOOL, JR.,

                Plaintiff,

v.                                         Case No. 23-cv-343-pp

JUSTIN WOODS,

                Defendant.

---

**ORDER DENYING AS MOOT PLAINTIFF'S MOTION FOR EXTENSION OF TIME (DKT. NO. 33) AND DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO APPOINT COUNSEL (DKT. NO. 34)**

---

       Plaintiff Byron Claypool filed this case under 42 U.S.C. §1983, alleging that the defendant violated his constitutional rights when the plaintiff was incarcerated at Racine Correctional Institution. Dkt. No. 1. On September 6, 2023, the court screened the complaint under 28 U.S.C. §1915A and allowed the plaintiff to proceed against the defendant on an Eighth Amendment medical care claim based on allegation that he discontinued the plaintiff's pain medication without medical judgment. Dkt. No. 5 at 7. The plaintiff has filed a motion for extension of time to respond to defendant's discovery requests, dkt. no. 33, and a motion to appoint counsel, dkt. no. 34.

       On March 25, 2024, the court extended the discovery deadline to December 3, 2024. Dkt. No. 27. In his motion for extension of time, the plaintiff states that he needs more time to gather the information "to respond to interrogatories, Admission and document requests from the defendants." Dkt. No. 33 at 1. The court does not need to extend the discovery deadline—that deadline won't expire for another four months. What the plaintiff needs is to ask the *defendant* to give him more time to respond to the defendant's

1

discovery demands. A new lawyer recently appeared for the defendant. Dkt. No. 37. The court will send the plaintiff a copy of the case docket along with this order. The docket includes the contact information for defendant's attorney. The plaintiff should direct his request to that lawyer. The court will deny as moot the plaintiff's motion for extension of time.

In his motion to appoint counsel, the plaintiff states that he is incompetent, unskilled and doesn't know anything about the law. Dkt. No. 34 at 1. He states that he has written several lawyers but has not received any response. Id. In a civil case, the court has discretion to recruit a lawyer for individuals who cannot afford to hire one. Navejar v. Iyola, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. §1915(e)(1); Ray v. Wexford Health Sources, Inc., 706 F.3d 864, 866-67 (7th Cir. 2013). "[D]eciding whether to recruit counsel 'is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.'" Henderson v. Ghosh, 755 F.3d 559, 564 (7th Cir. 2014) (quoting Olson v. Morgan, 750 F.3d 708, 711 (7th Cir. 2014)).

In exercising its discretion, the court must consider two things: "(1) 'has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so,' and (2) 'given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" Eagan v. Dempsey, 987 F.3d 667, 682 (7th Cir. 2021) (quoting Pruitt v. Mote, 503 F.3d 647, 654-55 (7th Cir. 2007)). And, given the scarcity of *pro bono* counsel resources, the court may also consider the merits of a plaintiff's claim and what is at stake. Watts v. Kidman, 42 F.4th 755, 763-64 (7th Cir. 2022).

To satisfy the first prong, the court must determine that a plaintiff made a good faith effort to hire counsel. Pickett v. Chi. Transit Authority, 930 F.3d

2

Case 2:23-cv-00343-PP   Filed 07/18/24   Page 2 of 4   Document 39

869, 871 (7th Cir. 2019). "This is a mandatory, threshold inquiry that must be determined before moving to the second inquiry." <u>Eagan</u>, 987 F.3d at 682. To demonstrate he satisfied the first prong, the plaintiff must show he contacted at least three lawyers and provide the court with (1) the lawyers' names; (2) their addresses; (3) how and when the plaintiff attempted to contact the lawyer; and (4) the lawyers' responses.

"The second inquiry requires consideration of both the factual and legal complexity of the plaintiff's claims and the competence of the plaintiff to litigate those claims." <u>Eagan</u>, 987 F.3d at 682. When considering the second prong, the court "must examine the difficulty of litigating specific claims and the plaintiff's individual competence to litigate those claims without counsel." <u>Pennewell v. Parish</u>, 923 F.3d 486, 490 (7th Cir. 2019). The court looks at "whether the difficulty of the case, factually, legally, and practically, exceeds the litigant's capacity as a layperson to coherently litigate the case." <u>Id.</u> This includes "all tasks that normally attend litigation," such as "evidence gathering, preparing and responding to court filings and motions, navigating discovery, and putting on a trial." <u>Id.</u> at 490-491. The court "must consider the plaintiff's literacy, communication skills, education level, litigation experience, intellectual capacity, psychological history, physical limitations and any other characteristics that may limit the plaintiff's ability to litigate the case." <u>Id.</u> at 491. In situations where the plaintiff files his motion in the early stages of the case, the court may determine that it is "impossible to tell whether [the plaintiff] could represent himself adequately." <u>Pickett</u>, 930 F.3d at 871.

The plaintiff has not satisfied the first prong because he has not provided the court with the names of the lawyers he contacted. Even if the plaintiff had included that information, the court believes that at this early stage of the case,

3

the plaintiff is capable of representing himself. He can engage in discovery (providing the discovery the defendant asks for and asking the defendant to provide him with discovery) and—if the defendant files one—can respond to a motion for summary judgment. The plaintiff's medical care claim is not complex. Based on the plaintiff's filings, he is intelligent, capable of advocating for himself and communicates well with the court. If the plaintiff needs more time to conduct discovery, file a motion or respond to a motion, he may file a motion for extension of time. The court will deny without prejudice the plaintiff's motion to appoint counsel.

The court **DENIES AS MOOT** the plaintiff's motion for extension of time. Dkt. No. 33.

The court **DENIES WITHOUT PREJUDICE** the plaintiff's motion to appoint counsel. Dkt. No. 34.

Dated in Milwaukee, Wisconsin this 18th day of July, 2024.

    **BY THE COURT:**

    _____
    **HON. PAMELA PEPPER**
    **Chief United States District Judge**